UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA     PLAINTIFF

v.     CASE ACTION NO: 4:20-CV-196-JHM

*Electronically filed*

FIVE THOUSAND NINE HUNDRED DOLLARS
IN UNITED STATES CURRENCY ($5,900.00)     DEFENDANT

**VERIFIED COMPLAINT
FOR FORFEITURE IN REM**

The United States of America, by counsel, Russell M. Coleman, United States Attorney for the Western District of Kentucky, and Amy M. Sullivan, Assistant United States Attorney, brings this complaint and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Five Thousand Nine Hundred Dollars ($5,900.00) in United States currency.

**JURISDICTION AND VENUE**

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 21 U.S.C. § 881(a)(6). This Court has jurisdiction over forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the defendant property was found in the Western District of Kentucky and because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

5. The defendant is: Five Thousand Nine Hundred Dollars in United States Currency ($5,900.00). On or about July 1, 2020, Agents with the United States Postal Inspection Service, seized the defendant property while conducting a review of parcels at the Owensboro, KY Post Office. Postal Inspectors pulled the parcel from the mail stream and a Federal Search Warrant was obtained, and upon opening, the defendant currency located was seized. The Agents seized the property as proceeds traceable to violations of 21 U.S.C. § 841(a)(1). The United States Postal Inspection Service began administrative forfeiture proceedings against this property, during which Thomas Hester filed the only claim (received by USPI) on or about August 22, 2020. The defendant property is currently in the custody of the United States Postal Inspection Service.

## THE LAW

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: a) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act (21 U.S.C. § 841); b) proceeds traceable to such an exchange; and c) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## SUMMARY OF RELEVANT FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth in the affidavit of Brian D. Coyt, Postal Inspector, United States Postal Inspection Service, which is attached hereto as Attachment A, and incorporated in its entirety herein by reference.

## CLAIM FOR RELIEF

8. The defendant property is money furnished or intended to be furnished in exchange for a controlled substance and traceable thereto and represents money used or intended to be used to facilitate a violation of the Controlled Substance Act. Consequently, the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff respectfully requests:

1. that the Court issue a warrant for the arrest and seizure of the defendant property;

2. that notice of this action be given to all persons known or thought to have an interest in or right against the property;

3. that the defendant property be forfeited and condemned to the United States of America;

4. that the plaintiff be awarded its costs and disbursements in this action; and

5. for such other and further relief as this court deems proper and just.

Respectfully submitted,

RUSSELL M. COLEMAN

United States Attorney

s/Amy M. Sullivan
AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911
(502) 582-5097 (fax)
amy.sullivan@usdoj.gov

## VERIFICATION

I, Brian D. Coyt, am a Postal Inspector with the United States Postal Inspection Service. I have read the foregoing Verified Complaint for Forfeiture *In Rem* (including any attachments thereto) and under penalty of perjury, hereby assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

Brian D. Coyt, Postal Inspector
Postal Inspector, USPIS

Dated: 11/19/2020

Subscribed and sworn to before me this 19th day of NOV, 2020.

Notary Public
My Commission expires: 11/29/2022

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
FIVE THOUSAND NINE HUNDRED DOLLARS IN U.S. CURRENCY, ET AL.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. 881(a)(6)
Brief description of cause:
drug related seizure of property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 11/19/20 | Amy M. Sullivan  *Digitally signed by Amy M. Sullivan Date: 2020.11.19 09:52:03 -05'00'* |

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

# AFFIDAVIT

Brian D. Coyt, after being duly sworn, deposes and states as follows:

1. I am currently employed by the United States Postal Inspection Service (USPIS) as a Postal Inspector, and have been employed in this capacity since June 2019. I am currently assigned to the Pittsburgh Division-Evansville Domicile and responsible for investigating narcotics trafficking utilizing the United States Postal Service (USPS). From December 2010 to June 2019, I was employed as a Special Agent with the Federal Protective Service, U.S. Department of Homeland Security. From October 2015 to June 2019, I was detailed as a Task Force Officer to the Federal Bureau of Investigation (FBI), Joint Terrorism Task Force. From September 2007 to December 2010, I was employed as a Trooper with the Kentucky State Police (KSP). From April 2003 to October 2006, I served as a Special Agent on active duty with the U.S. Army Criminal Investigation Command (CID) and again as a reserve Special Agent from April 2008 to May 2013 in the U.S. Army Reserves. I have experience conducting numerous investigations, including the following matters: terrorism, violent crimes against persons, crimes against children, crimes against property, fraud, and narcotics.

2. I have received formal instruction from the U.S. Army, the Kentucky State Police, the Federal Law Enforcement Training Center, the U.S. Postal Inspection Service, other U.S. Postal Inspectors, and other law enforcement officers with extensive experience investigating the manufacturing, distribution, and sale of controlled substances. I have received training in the detection, distribution, and transportation of controlled substances as well as the concealing and laundering of proceeds from illicit drug trafficking.

3. During my employment as a law enforcement officer, I have performed the following relevant tasks:

    a. I have participated in investigations involving the unlawful mailing of controlled substances through the United States mails. In particular, I have worked on cases

Attachment A- 1 -

involving the mailing of controlled substances in Express and Priority mail parcels.

b. I have participated in interviews with witnesses, cooperating individuals, and informants regarding illegal trafficking in drugs and have read official reports of other officers.

c. I have been a surveillance officer observing and recording movements of persons trafficking in drugs and those suspected of trafficking in drugs.

d. I have functioned as a case agent in charge of specific investigations involving drug trafficking via the U.S. Mail.

4. Based on my experience and training, I know that certain indicators exist when persons use the United States Mails to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from the sale of controlled substances include but are not limited to the following:

    a. It is a common practice for shippers of controlled substances and/or the proceeds from the sales of the same to use USPS Priority Mail Express and Priority Mail because the drugs or monies arrive faster and on a predictable date. This allows mailers to keep track of the shipment of controlled substances or monies. With regard to Express Mail parcels, shippers pay for the benefit of being able to confirm the current status or delivery of the parcel by checking the U.S. Postal Service Internet Website and/or calling the local post office.

    b. These packages usually have irregularities involving the addresses. They often contain a fictitious return address, incomplete return address, no return address, a return address that is the same as the addressee address, or the return address does not match the place from where the parcel was mailed. These packages are often addressed to or from a commercial mail receiving agency (i.e., The UPS Store, etc.). Such addressing practices are used by narcotics traffickers to hide the true identity of

the person(s) shipping and/or receiving the controlled substances from law enforcement officials.

c.  When the shipper mails controlled substances from a particular area/state, the proceeds from the sale of these controlled substances are usually returned to the shipper. There are known source states (Arizona, Oregon, Nevada, California, Colorado, Michigan, Texas, Washington and Florida) from where controlled substances are regularly mailed.

d.  In order to conceal the distinctive odor of controlled substances from narcotics trained canines, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all the seams. These parcels often contain other parcels or envelopes which are carefully sealed to prevent the escape of odors. Sometimes perfumes, coffee, dryer sheets, tobacco or other smelling substances are used to mask the odor of the controlled substances being shipped. Also many times the currency is hidden among the pages of magazines or booklets. More recently, parcels have been found to contain heat/vacuum sealed plastic baggies containing controlled substances.

e.  These packages are regularly addressed from person to person rather than being to or from a business.

f.  The mailer often indicates delivery may be made without the signature of an individual receiving the package. This practice helps conceal and protect the identity of the recipient of the package because no personal contact is necessary for delivery to be made.

g.  Common names such as Jones, Smith or Green, are regularly used on the labels in a further attempt to conceal the true identity of the sender and/or recipient of the packages.

h. The packages in question are often times mailed in late afternoon so as to shorten the amount of time the package is in the possession of parcel carriers at a single location prior to shipment. Senders of such packages believe that the package is more likely identified by law enforcement officials as containing narcotics the longer it sits at one location prior to shipping.

i. The packages in question often use third party shipping and or moving boxes as the outer shipping container instead of USPS branded boxes. USPS branded boxes are supplied to shippers free of charge as long as the sender agrees to use the USPS as the courier and uses the grade/level of shipping indicated on the USPS branded box. Senders use these third party shipping/moving boxes so they may prepare the parcel away from the post office of mailing to hide the contents from the post office and public view. Examples of such third party shipping or moving boxes described herein include, but are not limited to: Duck Brand shipping/moving boxes, The UPS Store boxes, U-Haul moving boxes, The Home Depot moving boxes, Lowes moving boxes, etc.

j. I know from training and discussions with other law enforcement officers that the following controlled substances are likely to be found during parcel interdictions: marijuana, methamphetamine, cocaine, LSD, psilocybin mushrooms, heroin, opium, MDMA, and the proceeds from the sales of these controlled substances.

5. As set forth below, under 21 U.S.C. § 881(a)(6), there is probable cause to forfeit the defendant property ($5900.00 in U.S. Currency seized from USPS Priority Mail Express Parcel #EJ 338 950 564 US) because the currency represents proceeds from the sale of Controlled Substances in violation of 21 U.S.C. § 841(a)(1), et seq.

RELEVANT FACTS

6. On July 1, 2020, the Affiant was conducting a profiling operation of incoming Priority Mail/Priority Mail Express at the Owensboro Post Office. Priority Mail Express Parcel #EJ 338 980 564 (hereafter "TARGET PARCEL"), was identified and more specifically described as follows:

    - Return Address: "Thomas Hester, [number omitted] Sutterloop East, Owensboro, KY 42303";
    - Addressee: "Zacky Marco, [number omitted] Grand Ave, South San Francisco, CA 94080";
    - Postage Affixed: Origin: 42301; Postage: $62.65;
    - Tracking Number: EJ 338 980 564 US;
    - Description: USPS Priority Mail Shoe Box, measuring approximately 14 3/8" inches long, 7 3/8" inches wide, 5 1/8" inches deep;
    - Weight: approximately 2 pounds, 4 ounces.

7. Coordination with Sgt. Mike Nichols, Owensboro Police Department, Street Crimes Unit, revealed the sender, Thomas Hester (hereafter "HESTER"), was known for trafficking in narcotics in the past. Research of Kentucky Court of Justice records revealed HESTER had multiple drug trafficking and drug-related convictions, including but not limited to Possession of Marijuana on or about May 19, 2006 (amended from trafficking in a controlled substance). HESTER was convicted of Cultivation of Marijuana, 5 or More Plants; 1st Offense, Attempted Tampering with Physical Evidence, and Trafficking in Marijuana, Less than 8 oz – 1st Offense on or about July 20, 2012.

8. On July 1, 2020, the TARGET PARCEL was presented for external examination by Owensboro Police Department Police detector canine "Butch" in a blind line- up with several

Attachment A- 5 -

other control parcels known to not contain controlled substances. Butch is a reliable and certified drug-detection dog. Officer Jennifer Haynes, Butch's handler, advised the canine indicated a positive alert on the TARGET PARCEL for the odor of a controlled substances.

9. On July 15, 2020, the Affiant obtained federal search warrant 4:20-mj-10-HBB from the Honorable H. Brent Brennenstuhl, U.S. Magistrate Judge, Western District of Kentucky.

10. On July 20, 2020, the Affiant executed the search warrant on the TARGET PARCEL which revealed $5,900.00 in U.S. Currency concealed within a wrapped box of Lego toys and an unsigned birthday card. The U.S. Currency was seized for administrative forfeiture.

11. Following the seizure of the TARGET PARCEL, research of USPS business records identified a phone number (number omitted here and hereafter "TARGET NUMBER"), as being associated with several calls to the USPS Customer Care Center (hereafter "CCC") regarding the TARGET PARCEL and additional parcels mailed between April 25, 2020 and August 5, 2020. While the caller provided a different name and address on some of the calls, the voice of the caller sounds similar on all the calls. The details involving calls by the TARGET NUMBER and associated parcels are summarized below:

    o April 25, 2020 - HESTER contacted the USPS CCC, identified himself by name, and inquired if the local post office cashed USPS money orders. HESTER inquired about the limit for cashing money orders during the call. The USPS employee asked HESTER what amount of money orders he had and he stated it was $6,000.00. HESTER was instructed he would need to go to a large post office or a bank due to the amount, and that a report would be generated for a transaction over $3,000.00.

    o May 22, 2020 – A caller who identified himself as "David Kessler" (hereafter "KESSLER"), contacted the USPS CCC, inquiring about Priority Mail Parcel 9505 5138 1857 0135 2793 54 being mailed to [number omitted] Crabtree Avenue, Owensboro, KY. The USPS employee asked for the spelling of the caller's name, KESSLER declined to

provide that information, and terminated the phone call. That parcel was later delivered by the USPS.

- July 3, 2020 - HESTER contacted the USPS CCC regarding the TARGET PARCEL and identified himself by name. The USPS employee asked HESTER what the contents of the parcel were and he stated it contained a birthday present for his nephew and some money "to help his mom and daddy out."

- July 6, 2020 - HESTER contacted the USPS CCC, identified himself by name, and inquired about the TARGET PARCEL; he verbally confirmed the correct parcel number and its destination: to [number omitted] Grand Avenue, South San Francisco, CA 94080. HESTER said it was the second time a package of his had gone missing. The USPS employee identified the TARGET NUMBER and an email address in HESTER's name (address omitted here) as his contact information, which HESTER verbally confirmed as correct.

- July 8, 2020 - HESTER contacted the USPS CCC regarding the TARGET PARCEL. HESTER identified his phone number as the TARGET NUMBER and [number omitted] Sutter Loop East, Owensboro, KY as his address. HESTER said he was not worried about a refund but rather the cash contents. HESTER said to put it in the notes that someone at the post office needed to contact him before he showed up there acting like a "damn fool."

- August 5, 2020 – A caller who identified himself as "Rick Greathouse" (hereafter "GREATHOUSE"), contacted the USPS CCC and inquired about Priority Mail Parcel 9505 5114 7029 0211 7248 12 being delivered to [number omitted] Independence Avenue, Owensboro, KY 42301. GREATHOUSE stated he mailed two parcels from Denver, CO at the same time; one was delivered a day late, and one was missing. GREATHOUSE stated this was the third time he had parcels show up missing.

GREATHOUSE stated he went to Colorado on vacation, purchased a bunch of stuff on discount, and mailed it to himself. GREATHOUSE referenced a previous "overnight Express" that went missing on July 1, 2020. GREATHOUSE stated the best method to contact him was via email at the same email address referenced previously (with the name Thomas Hester). The caller complained about USPS employees not having cameras to watch them steal mail.

12. USPS business records indicated a total of (34) Priority Mail Express parcels and (14) Priority Mail parcels were delivered to [number omitted] Grand Avenue, South San Francisco, CA 94080 between July 1, 2020 and July 25, 2020. Based on the affiant's experience, this is a large number of retail parcels being mailed person-to-person, to a known drug source state, in such a short time period. Images of (42) parcels were retrieved and the recipients of those parcels were identified as follows: (31) parcels were addressed to "Zacky Marco", (7) parcels were addressed to "Elliot Dang", and (4) parcels were addressed to "Alex Jones". A search of the CLEAR data base indicated these names were likely fictitious and none associated with the recipient address.

13. In Section III of the Claim Form submitted by HESTER during the administrative forfeiture proceedings (which is sworn under penalty of perjury) he states: "I was mailing money to buy a motorcycle when my money was lost I filed a claim with usps they told me they couldn't find my package and that it was lost so I was unable to purchase the motorcycle." This claim conflicts with the statement made by HESTER during his phone call with the USPS CCC on July 3, 2020. During that phone call HESTER stated the contents of the parcel was birthday gift for his nephew and some money "to help his mom and daddy out."

14. The information in this affidavit is based upon my personal knowledge, as well as information that I have received from other law enforcement sources. Because this affidavit is made for the limited purpose of establishing probable cause for the Complaint for Forfeiture, I have not recited each and every fact known to me as a result of this investigation. As a result of my personal

participation in this investigation, conversations with other law enforcement officers, reports and other sources, I am familiar with the circumstances described in this affidavit.

WHEREFORE, based upon the foregoing, there is probable cause to believe the U.S. Currency seized from the TARGET PARCEL is subject to forfeiture to the United States, as proceeds directly and indirectly traceable to drug trafficking (both facilitating and proceeds thereof) and property intended to be furnished for controlled substances, in violation of 21 U.S.C. § 841 et seq. Consequently, the property is subject to forfeiture under 21 U.S.C. § 881(a)(6).

FURTHER AFFIANT SAYETH NAUGHT.

_____
Brian Coyt
U.S. Postal Inspector

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA

                                              PLAINTIFF

v.                            CASE ACTION NO: **4:20-CV-196-JHM**

*Electronically filed*

FIVE THOUSAND NINE HUNDRED DOLLARS
IN UNITED STATES CURRENCY ($5,900.00)

**WARRANT OF ARREST *IN REM* AND NOTICE**

TO:    THE UNITED STATES AND THE UNITED STATES
        POSTAL INSPECTION SERVICE AND/OR ANY OTHER DULY
        AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS the United States Attorney for the Western District of Kentucky has filed a Verified Complaint for Forfeiture *In Rem* against the above-named defendant property on the 19th day of November 2020, alleging that the defendant property is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In Rem*, there is probable cause to believe that the defendant property so described therein constitutes property that is subject to forfeiture for such violations, and that grounds for issuance of a Warrant of Arrest *In Rem* exist, pursuant to Supplemental Rule G(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules");

YOU ARE THEREFORE ORDERED to seize and arrest the defendant property, by serving a copy of this warrant on the custodian, United States Postal Inspection Service, in whose possession, custody, or control the property is presently found and to take the defendant

property into your possession for safe custody, until further order of the Court; and to make your return as provided by law.

YOU ARE FURTHER ORDERED to send notice to the record owner and any other person believed to have a claim to or interest in the defendant property a copy of the Complaint, Notice of Forfeiture, and this Warrant in a manner consistent with the principles of service of process of any action *in rem* under the Supplemental Rules and the Federal Rules of Civil Procedure, within a reasonable time of seizure, and, to admonish any persons holding a claim to the defendant property to file their claims with the Clerk of this Court within thirty-five (35) days after execution of this process, and to serve their answers within twenty-one (21) days after filing their claims, and finally, that they must serve a copy of any claim and/or pleading upon the Assistant United States Attorney, Amy M. Sullivan, 717 West Broadway, Louisville, Kentucky 40202.

YOU ARE FURTHER ORDERED, in the event that the defendant property is not released within ten (10) days of execution of process, that you shall cause publication of public notice, as required by Rule G(4) of the Supplemental Rules.  Such notice shall be published for thirty days at www.forfeiture.gov.  This notice shall state that anyone claiming an interest in the defendant property must file: 1) a claim within sixty (60) days from the start of the publication on the internet at www.forfeiture.gov; and 2) an answer within twenty-one (21) days after filing a claim.

IT IS FURTHER ORDERED that, promptly after execution of this process, you shall file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Tendered by:
Amy M. Sullivan
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502)582-5911
(502)582-5097(fax)
amy.sullivan@usdoj.gov

cc: United States Attorney (AMS) - two certified copies of Warrant and two certified copies of the Verified Complaint.